UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Darrell Theodore Kind, Jr.,                          Civil No. 09-cv-1265 JSM

           Plaintiff,

v.

North West Metro Drug Task Force, et al.,

           Defendants.

---

## JOINT[1] PROPOSED JURY INSTRUCTIONS

---

Plaintiff and Defendants submit the attached joint proposed jury instructions.

GUSTAFSON GLUEK PLLC

Dated: October 31, 2011          By s/ Daniel C. Hedlund
                                 Daniel C. Hedlund, #258337
                                 Amanda M. Williams, #341691
                              Attorneys for Plaintiff
                              650 Northstar East
                              608 Second Avenue South
                              Minneapolis, MN 55402
                              (612) 333-8844

IVERSON REUVERS

Dated: October 31, 2011          By s/ Stephanie A. Angolkar
                                 Jon K. Iverson, #146389
                                 Jason M. Hiveley, #311546
                                 Stephanie A. Angolkar, #388336
                              Attorneys for Defendants
                              9321 Ensign Avenue South
                              Bloomington, MN  55438
                              (952) 548-7200

---

[1] Plaintiff's individual proposed jury instructions or alterations are in italics and Defendants' individual proposed jury instructions or alterations are in boldface.

1

## Instructions Before Trial

### JOINT INSTRUCTION # 1

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors.  At the end of the trial I will give you further instructions.  I may also give you instructions during the trial.  Unless I specifically tell you otherwise, all such instructions–both those I give you now and those I give you later–are equally binding on you and must be followed.

*This is a civil case brought by the Plaintiff Darrell Kind, Jr. against Defendants Derrick Hacker, John Sigfrinius, Dennis Hagen, Brent Johnson, Steve Holm, Steve Hart, and Mark Peterson.  Plaintiff alleges his constitutional rights were violated during the execution of search warrants by Defendants because the search was unreasonably executed, resulting in unnecessarily damaged personal property. Defendants deny violating Plaintiff's constitutional rights by unreasonably executing the search warrants.*

**This is a civil case brought by the Plaintiff Darrell Kind, Jr. against Defendants Derrick Hacker, John Sigfrinius, Dennis Hagen, Brent Johnson, Steve Holm, Steve Hart, and Mark Peterson.  Plaintiff alleges his constitutional rights were violated during the execution of search warrants by Defendants based on Plaintiff's claim Defendants unnecessarily damaged his personal property. Defendants deny violating Plaintiff's constitutional rights.  It will be your duty to decide from the evidence whether Darrell Kind, Jr. is entitled to a verdict against Derrick Hacker, John Sigfrinius, Dennis Hagen, Brent Johnson, Steve Holm, Steve Hart, and Mark Peterson.  From the evidence you will decide what the facts are.**

**You are entitled to consider that evidence in light of your own observations and experiences in the affairs of life.  You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.**

It will be your duty to decide from the evidence whether Darrell Kind, Jr. is entitled to a verdict against Derrick Hacker, John Sigfrinius, Dennis Hagen, Brent Johnson, Steve Holm, Steve Hart, and Mark Peterson.  From the evidence you will decide what the facts are.  You are entitled to consider that evidence in light of your own observations and experiences in the affairs of life.  You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict.  You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness says, or only part of it, or none of it.

*In deciding what testimony to believe, consider the witnesses' opportunity to have seen or heard the things they testify about, their memories, any motives they have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.*

**In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.**

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Adapted from: Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit § 1.01 (2011) ("8th Cir. Civil Jury Instr.").

## JOINT INSTRUCTION # 2- Evidence

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated–that is, formally agreed to by the parties.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4. Anything you see or hear about this case outside the courtroom is not evidence and must not be considered.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I shall tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used. You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

8th Cir. Civil Jury Instr. § 1.02.

## JOINT INSTRUCTION # 3- Bench Conferences and Recesses

During the trial it may be necessary for me to talk with the lawyers and plaintiff out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

8th Cir. Civil Jury Instr. § 1.03.

## JOINT INSTRUCTION # 4- Note-Taking

At the end of the trial you must make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony.  You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  And do not let note-taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and not read by anyone.

8th Cir. Civil Jury Instr. § 1.04.

## JOINT INSTRUCTION # 5- Conduct of the Jury

Finally, to insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to the deputy clerk or other court personnel.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case–you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side–even if it is simply to pass the time of day–an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio, television or Internet reports about the case or about anyone involved with it. In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV, radio or

Internet newscasts at all.  I do not know whether there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it.  If you want, you can have your spouse or friend clip out any stories and set them aside to give you after the trial is over.  I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to decide it.

*Sixth*, do not do any research or make any investigation on your own about any matter involved in this case.  By way of examples, that means you must not consult a dictionary, textbook or encyclopedia, go to the Internet or consult any other source for information about some issue or person in this case.  You must learn about this case from the evidence you receive here at the trial and apply it to the law as I give it to you.

*Seventh*, cell phones are not permitted in the jury room during deliberation.

*Eighth*, do not make up your mind during the trial about what the verdict should be.  Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

8th Cir. Civil Jury Instr. § 1.05.

## JOINT INSTRUCTION # 6- Outline of Trial

The trial will proceed in the following manner:

First, the plaintiff's attorney may make an opening statement.  Next, the defendants' attorney may make an opening statement.  An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The plaintiff will then present evidence and counsel for the defendants may cross-examine.  Following the plaintiff's case, the defendants may present evidence and plaintiff's counsel may cross-examine.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you.  As with opening statements, closing arguments are not evidence.  The court will instruct you further on the law.  After that you will retire to deliberate on your verdict.

8th Cir. Civil Jury Instr. § 1.06.

## Instructions During Trial

### JOINT INSTRUCTION # 7- Recesses

We are about to take a recess and I remind you of the instruction I gave you earlier.  During this recess or any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else.  If anyone tries to talk to you about the case, please let me know about it immediately.   Finally, keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

8th Cir. Civil Jury Instr. § 2.01.

*PLAINTIFF'S INDIVIDUAL INSTRUCTION # 8- Issuance of Search Warrants*

*Irrelevant*

*You (have heard/are about to hear) evidence about the execution of search warrants. This evidence may be considered by you only on the issue of whether the warrants were properly and reasonably executed by the defendants. It may not be considered by you for any other purpose. Please keep in mind that the reason the search warrants were issued is not relevant.*

*Adapted from: 8th Cir. Civil Jury Instr. § 2.08B; Fed. R. Evid. 105, 401.*

# Instructions After the Close of Evidence

## JOINT INSTRUCTION # 9- Explanation of Instructions

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because *all* are important. This is true even though some of those I gave you [at the beginning of] [during] trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

8th Cir. Civil Jury Instr. § 3.01.

## JOINT INSTRUCTION # 10- Judge's Opinion

Neither in these instructions, nor in any ruling, action or remark that I have made during the course of this trial, have I intended to give any opinion or suggestion as to what your verdict should be.

During this trial I have occasionally asked questions of witnesses in order to bring out facts not then fully covered in the testimony.  Do not assume that I hold any opinion on the matters to which my questions related.

8th Cir. Civil Jury Instr. § 3.02.

### JOINT INSTRUCTION # 11- Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

*In deciding what testimony to believe, you may consider the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.*

**In deciding what testimony to believe, you may consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.**

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

*Adapted from: 8th Cir. Civil Jury Instr. § 3.03.*

**8th Cir. Civil Jury Instr. § 3.03.**

*PLAINTIFF'S INDIVIDUAL INSTRUCTION # 12- Credibility- Testimony of Police Officers*

*You have heard the testimony of law enforcement officers. The fact that a witness is employed, or was employed, as a law enforcement office does not mean his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.*

*Adapted from: Third Circuit Manual of Model Jury Instructions- Criminal § 4.18 (2011).*

### JOINT INSTRUCTION # 13- Impeachment of Witnesses

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is consistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § 73.04

### JOINT INSTRUCTION # 14- Impeachment of Witness, Prior Conviction

*You have heard evidence that witness _____ has been convicted of a crime. You may use that evidence only to help you decide whether to believe the witness and how much weight to give [his/her] testimony.*

**You have heard evidence that witness _____ has been convicted of a crime.  In weighing the credibility of a witness, you may consider the fact [he/she] has previously been convicted of a [felony/crime involving dishonesty or false statement].  You may use that evidence only to help you decide whether to believe the witness and how much weight to give [his/her] testimony.**

*Adapted from: 8th Cir. Civil Jury Instruction § 2.09*

**8th Cir. Civil Jury Instruction § 2.09 (2011) (modified); Kevin F. O'Malley, Jay E. Grenig, and William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 102.44 (5th ed. 2000).**

## JOINT INSTRUCTION # 15- Burden of Proof

The burden is on the Plaintiff, in a civil action such as this, to prove every essential element of his claims by a preponderance of the evidence.  If Plaintiff should fail to establish any essential element of his claims by a preponderance of the evidence in the case, you should find for Defendants as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard which applies in criminal cases and does not apply in this case.

*In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.*

**In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.  If, on any issue in**

the case, you cannot decide whether a fact is more likely true than not true, you cannot find that it has been proved.

*Adapted from: Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 104.01 (5th ed. 2000); 8th Cir. Civil Jury Instr. § 3.04.*

**Federal Jury Practice and Instructions, § 72.01 (modified); see also 8th Cir. Civil Jury Instr. § 3.04.**

*PLAINTIFF'S INDIVIDUAL INSTRUCTION # 16- Elements of Plaintiff's Claim*

In order to prove plaintiff's claim, the burden is on plaintiff Mr. Kind to establish by a preponderance of the evidence each of the following elements:

First: That defendant police officers performed acts that operated to deprive Plaintiff of one or more of his federal Constitutional rights, as defined and explained in these instructions, by subjecting plaintiff Mr. Kind to an unreasonable search of his businesses;

Second: That defendant police officers then and there acted under the color of state law; and

Third: That defendant police officers' acts were the proximate cause of damages sustained by plaintiff Mr. Kind.

Because defendants Derrick Hacker, John Sigfrinius, Dennis Hagen, Brent Johnson, Steve Holm, Steve Hart, and Mark Peterson were city-employed police officers at the time of the acts in question, Defendants were acting under color of state law and the second element is satisfied.

Adapted from: Kevin F. O'Malley, Jay E. Grenig & William C. Lee, *Federal Jury Practice and Instructions* §165.20 (5th ed. 2000)

23

## DEFENDANTS' INDIVIDUAL INSTRUCTION # 17- Lawfulness of the Search Warrants

You are specifically instructed the search warrants the officers executed were valid and lawful and, therefore, their presence inside Plaintiff's business and home was lawful and proper.  The rules of evidence permit the judge to accept facts which the judge believes cannot reasonably be disputed.  You must, therefore, accept this fact as proved.

Adapted from: 8th Cir. Civil Jury Instr. § 2.04 (2011).

### JOINT INSTRUCTION # 18- Deprivation of Constitutional Rights

Plaintiff asserts Defendants unreasonably executed the search warrants in violation of his Fourth, Fifth, and Fourteenth Amendment rights.  The Fourth Amendment protects against unreasonable or unnecessarily destructive searches.  The Fifth and Fourteenth Amendments protect against deprivation of life, liberty, or property without due process of law.

*During the execution of a search warrant, law enforcement officers may look anywhere they may discover evidence listed in the warrant.  This includes all areas and containers in which the object of the search may be found, such as locked containers.  However, it is unreasonable to search for the evidence listed in the warrant in places where it could not logically be located.*

*Officers executing search warrants may have to damage property in order to perform their duty.  Officers are not liable for damage that is necessary to execute the search warrant. However, officers are liable for the damage and destruction of property that is not reasonably necessary to execute the search warrant. If a reasonable officer would have known his conduct was unnecessarily destructive, the search was not executed reasonably.*

**How best to proceed in performing a search is left to the discretion of officers executing the search warrant.  During execution of a search warrant, law enforcement officers may look anywhere they may discover evidence listed in the warrant.  This includes all areas and containers in which the object of the search may be found, such as locked containers.  Officers may have to empty closets and**

**drawers and dump out containers to conduct a thorough search.  There is no constitutional requirement officers return an object to its location and condition before the search.  Officers executing search warrants may have to damage property in order to perform their duty.  Officers are not liable for damage that is necessary to perform their duty of completing a thorough search for the items listed in the search warrant.**

You must decide whether Defendants caused unnecessary destruction while executing search warrants at Plaintiff's businesses.  If you determine Defendants did not cause unnecessary destruction during execution of the search warrants, you must find in favor of Defendants and award no damages.  If you determine Defendants caused unnecessary destruction during execution of the search warrants, you must determine the amount of damages Plaintiff is entitled to.

*Adapted from: U.S. Const. amend. IV, amend. V, amend. XIV; United States v. Ross, 456 U.S. 798, 820-21 (1982); Dalia v. United States, 441 U.S. 238, 258 (1979); United States v. Ramirez, 523 U.S. 65, 71 (1998); Cook v. Gibbons, 308 Fed. Appx. 24, 31 (8th Cir. 2009).*

**U.S. Const. amend. IV, amend. V, amend. XIV; *United States v. Ross*, 456 U.S. 798, 820-21 (1982); *Dalia v. United States*, 441 U.S. 238, 258 (1979); *DeArmon v. Burgess*, 388 F.3d 609, 610-11 (8th Cir. 2004); *Hummel-Jones v. Strope*, 25 F.3d 647, 650, 653 (8th Cir. 1994); *United States v. Hughes*, 940 F.2d 1125, 1127 (8th Cir. 1991); *Ginter v. Stallcup*, 869 F.2d 384, 388 (8th Cir. 1989); *Cook v. Gibbons*, 308 Fed. Appx. 24, 28, 31 (8th Cir. 2009); *Tarpley v. Greene*, 684 F.2d 1, 9 (D.C. Cir. 1982); *State v. Thisius*, 281 N.W.2d 645, 646 (Minn. 1978).**

_PLAINTIFF'S INDIVIDUAL INSTRUCTION # 19- Element 3: Causation of Damages_

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to Plaintiff, and that Plaintiff's injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

Adapted from: Kevin F. O'Malley, Jay E. Grenig & William C. Lee, _Federal Jury Practice and Instructions_ § 165.50 (5th ed. 2000).

27

**JOINT INSTRUCTION # 20- Compensatory Damages**

If you find in favor of Plaintiff, then you must award Plaintiff such sum as you find from the preponderance of the evidence will fairly and justly compensate him for any damages you find he sustained and is reasonably certain to sustain in the future as a direct result of the violation of his constitutional rights.   You should consider the following elements of damages:

1. *The reasonable value of any of plaintiff Mr. Kind's property lost or destroyed during, or as a result of, the defendant police officer's unconstitutional acts;*

2. *The business profits plaintiff Mr. Kind has lost;*

3. *The debts Mr. Kind has incurred;*

4. *The reasonable cost of plaintiff Mr. Kind's medical care; and*

5. *The physical and emotional pain and mental suffering plaintiff Mr. Kind has experienced and is reasonably certain to experience in the future; the nature and extent of the injury, whether the injury is temporary or permanent and whether any resulting disability is partial or total.*

1. **The physical pain and mental suffering Plaintiff has experienced and is reasonably certain to experience in the future; the nature and extent of the injury, whether the injury is temporary or permanent and whether any resulting disability is partial or total;**

2. **The reasonable value of the medical care and supplies reasonably needed by and actually provided to Plaintiff;**

3. **The wages Plaintiff has lost.**

Throughout your deliberations you must not engage in any speculations, guess, or conjecture and you must not award any damages under this Instruction by way of punishment or through sympathy.

*Adapted from: 8th Cir. Civil Jury Instr. § § 4.50A (2011); Kevin O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions § 165.70 (5th ed. 2000).*

**8th Cir. Civil Jury Instr. § 4.50A (2011) (Modified)**

## JOINT INSTRUCTION # 21- Mitigating Damages

A person whose property is unnecessarily damaged by the wrongful act of another

has a duty to exercise reasonable care and diligence in an effort to minimize the damages.

*Meyers v. City of Cincinnati*, 14 F.3d 1115 (6th Cir. 1994); *Wolfe v. Village of Brice, Ohio*, 997 F. Supp. 939 (S.D. Ohio 1998); *Hegler v. Board of Education*, 447 F.2d 1078 (8th Cir. 1971); *Grace v. City of Detroit*, 216 Fed. Appx. 485 (6th Cir. Jan. 31, 2007); *Hartley v. Dillards*, 310 F.3d 1054 (8th Cir. 2002); *see Jones v. Clinton*, 990 F. Supp. 657, 668 (E.D. Ark. 1998) (discussing cases applying standards developed in Title VII litigation to similar litigation under section 1983); *see also* Minn. CIVJIG 92.15.

# JOINT INSTRUCTION # 22

If you find in favor of Plaintiff but you find that his damages have no monetary value, then you must return a verdict for Plaintiff in the nominal amount of One Dollar ($1.00).

8th Cir. Civil Jury Instr. § 4.50B (2011)

*PLAINTIFF'S INDIVIDUAL INSTRUCTION # 23- Punitive Damages*

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of the plaintiff and against the defendants then, in addition to any other damages to which you find the plaintiff Mr. Kind entitled, you may, but are not required to, award plaintiff Mr. Kind an additional amount as punitive damages if you find it is appropriate to punish Defendants or deter Defendants and others from similar conduct in the future.

Whether to award the plaintiff punitive damages and the amount of those damages are within your sound discretion. You may assess punitive damages against any or all defendant police officers or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or they may be different.

*Adapted from: Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions § 165.71 (5th ed. 2000).*

## JOINT INSTRUCTION # 24- Jury Deliberations

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach an agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges–judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone–including me–how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions.  The verdict must be unanimous.  Nothing I have said or done is intended to suggest what your verdict should be–that is entirely for you to decide.

*Finally,* the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: (read form)].  You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

8th Cir. Civil Jury Instr. § 3.06 (2011)